FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAREY S., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:20-CV-0220-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 16. Attorney Lora Lee Stover represents Carey S. (Plaintiff); Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income in April 2017, alleging disability since January 15, 2016, due to bipolar, psychosis, manic, gluten allergies, psychotic features, hallucinations, and illogical thought and speech. Tr. 297, 321. Plaintiff's disability onset date was amended to April 17, 2017 at the first administrative hearing. Tr. 138-139. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Donna L. Walker held hearings on November 19, 2018, Tr. 136-154, and April 25, 2019, Tr. 155-172, and issued an unfavorable decision on May 16, 2019, Tr. 102-113. The

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Appeals Council denied Plaintiff's request for review on May 1, 2020. Tr. 1-7. The ALJ's May 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 16, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on April 10, 1972, Tr. 297, and was 45 years old on the amended alleged disability onset date, April 17, 2017, Tr. 111. She did not complete high school but has obtained a GED. Tr. 159. Plaintiff's disability report indicates she completed two years of college and has past work as a cashier and in manufacturing. Tr. 322. She indicated she stopped working in January 2016 because of her conditions. Tr. 321.

Plaintiff testified at the administrative hearing on April 25, 2019, that she was not capable of working because of anxiety and her difficulty with comprehension. Tr. 160. However, she also stated medications had been beneficial and improved her focus. Tr. 165-166. Plaintiff explained she did not perform household chores because she would forget things and had a low attention span. Tr. 160-161. She indicated she would spend her days with her cat watching television and visiting with friends. Tr. 162-164.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On May 16, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 17, 2017, the application date. Tr. 104.

At step two, the ALJ determined Plaintiff had the following severe impairments: bipolar disorder, unspecified; generalized anxiety disorder; borderline intellectual functioning with a full scale IQ of 71; other specified personality disorder, mixed personality features; and cannabis use disorder, self-reported remission of two years. Tr. 104.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 104.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform work at all exertional levels with the following limitations: she has the ability to understand, remember or apply information that is simple and routine, commensurate with SVP 2; she would work best in an environment in proximity to, but not close cooperation with, co-workers and supervisors, and must work in an environment away from the public; she has the ability, with legally required breaks, to focus attention on work activities and stay on task at a sustained rate, complete tasks in a timely manner, sustain an ordinary routine, regularly attend work, and work a full day without needing more than the allotted number or length of rest periods; and she would work best in an environment that is routine and predictable, but does have the ability to respond appropriately, distinguish between acceptable and unacceptable work performance, and be aware of normal hazards and take appropriate precautions. Tr. 106.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 111.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that

///

exists in significant numbers in the national economy, including the jobs of cleaner, housekeeping; fish cleaner; and marker, price.  Tr. 112-113.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from April 17, 2017, the date the disability application was filed, through the date of the ALJ's decision, May 16, 2019.  Tr. 113.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends as follows:  (1) the ALJ erred in assessing her residual functional capacity; and (2) the hypothetical question posed by the ALJ to the vocational expert was incomplete resulting in harmful error.  ECF No. 15 at 10.

## DISCUSSION

**A.    Residual Functional Capacity**

Plaintiff argues the ALJ's RFC determination does not accurately assess the limitations which Plaintiff has by virtue of her severe mental impairments.  ECF No. 15 at 13.  Plaintiff specifically asserts the ALJ erred in her assessment of the opinions from multiple medical providers.  ECF No. 15 at 14-15.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence.  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c.  The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources.  20 C.F.R. § 416.920c(a).  Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an acceptable medical source.

20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920a(b). The ALJ may explain how she considered the other factors, but the ALJ is not required to except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations as follows:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).

    **1.    Joyce Everhart, Ph.D.**

On December 10, 2018, Dr. Everhart completed a report on behalf of the Division of Disability Determination Services. Tr. 906-912. Dr. Everhart indicated Plaintiff had the ability to complete her activities of daily living; do her own cooking, cleaning, and laundry; and take care of her personal hygiene. Tr.

911.  It was noted Plaintiff presented as anxious and her attention, concentration and intellectual ability appeared to be somewhat below normal limits, but the results of the Trails A and B did not suggest much difficulty with executive functioning.  Tr. 911.  Dr. Everhart found Plaintiff had the ability to listen, understand, remember and follow simple directions and complete three-step tasks, but was likely to have difficulty with complex, multistep tasks.  Tr. 911.  On a check-box form, Dr. Everhart indicated Plaintiff was "markedly" limited for carrying out complex instructions and making judgments on complex work-related decisions.  Tr. 913.

Plaintiff apparently contends the ALJ erred by failing to credit Dr. Everhart's opinion that Plaintiff had "some serious symptoms and impairment in occupational, social and educational realms."  *See* ECF No. 15 at 14 citing Tr. 912.

Defendant responds that Plaintiff has failed to engage with the ALJ's reasoning and instead simply presented the disputed conclusions as if they were unaddressed by the ALJ.  ECF No. 16 at 9.  In any event, Defendant asserts the ALJ reasonably found that the disputed examiner's assessment of more extreme mental limitations than assessed by the ALJ was unpersuasive because it was neither well supported nor consistent with other evidence.  *Id*.

The ALJ determined Dr. Everhart's opinion "cannot be found to be particularly persuasive," because it was not supported by the accompanying evaluation results[1] and the indications that Plaintiff was not making a credible effort.[2]  Tr. 109.  The ALJ also suggested Dr. Everhart's opinion was not consistent

---

[1] An ALJ may properly reject a medical source opinion that is not supported by his or her own medical records and/or objective data.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

[2] Dr. Everhart noted the results of the WMS-IV should be interpreted with caution because Plaintiff "does not appear to be making a credible effort."  Tr. 911.

with Plaintiff's report, cited by Dr. Everhart, that she was independent in her activities of daily living; did her own cooking, cleaning and laundry; and took care of her own personal hygiene. Tr. 109.

The ALJ's findings with respect to the supportability and consistency of Dr. Everhart's opinions are supported by substantial evidence. The Court thus finds the ALJ's conclusion that Dr. Everhart's opinions were not particularly persuasive is properly supported.

### 2. Peter B. Buerger, Ph.D.

On April 21, 2016, Dr. Buerger completed a psychological/psychiatric evaluation of Plaintiff. Tr. 451-454. Dr. Buerger diagnosed unspecified bipolar disorder and unspecified anxiety disorder and checked boxes indicating Plaintiff had several "marked" and "severe" work-related limitations. Tr. 452. However, Dr. Buerger also checked boxes indicating Plaintiff's thought process and content, orientation, perception, fund of knowledge, concentration, abstract thought, and insight and judgment were within normal limits. Tr. 454. In fact, Dr. Buerger only assessed Plaintiff's memory as not within normal limits. Tr. 454.

Plaintiff's cursory argument contends the work-related limitations assessed by Dr. Buerger should have been accorded weight. ECF No. 15 at 14.

Defendant argues the ALJ reasonably found that the assessment of extreme mental limitations was unpersuasive because it was neither well supported nor consistent with other evidence. ECF No. 16 at 7-9.

The ALJ determined Dr. Buerger's report was "not found to be persuasive in any way." Tr. 110. The ALJ indicated there was "nothing on his pre-printed evaluation form that would support it."[3] Tr. 110. The ALJ also implied the

---

[3]Although the Ninth Circuit has stated in a footnote that there is no authority that a "check-the-box" form is any less reliable than any other medical form, *Trevizo v. Berryhill*, 871 F.3d 664, 677 n. 4 (9th Cir. 2017), the Ninth Circuit has

opinion was not consistent with Plaintiff's report that she had been looking for employment and her acknowledgment that her mental symptomatology was under control and stable with medication management. Tr. 110.

The ALJ's findings that Dr. Buerger's opinions were inadequately supported and inconsistent with other evidence are supported by substantial evidence. Accordingly, the ALJ's determination that Dr. Buerger's opinions were unpersuasive is properly supported.

### 3. John F. Arnold, Ph.D.

On March 20, 2017, Dr. Arnold completed a psychological/psychiatric evaluation of Plaintiff. Tr. 462-467. Dr. Arnold diagnosed unspecified personality disorder with borderline features and cannabis use, rule out cannabis use disorder (moderate/severe) and checked boxes finding Plaintiff had "moderate," "marked," and "severe" work-related limitations with an "Overall Severity Rating" of "Severe." Tr. 464. Dr. Arnold checked boxes indicating Plaintiff's thought process and content, memory, concentration, and insight and judgment were not within normal limits. Tr. 466-467. However, Dr. Arnold also found Plaintiff's orientation, perception, fund of knowledge, and abstract thought were within normal limits. Tr. 466.

///

///

---

consistently held that individual medical opinions are preferred over check-box reports, *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (holding "the regulations give more weight to opinions that are explained than to those that are not"). An ALJ's rejection of a check-box report that does not contain an explanation of the bases for the conclusions made is permissible. *Crane*, 76 F.3d at 253.

As with Dr. Buerger, Plaintiff provides a cursory argument suggesting the work-related limitations assessed by Dr. Arnold should have been given greater weight. ECF No. 15 at 14.

Defendant again responds the ALJ reasonably found that the assessment of extreme mental limitations was unpersuasive because it was neither well supported nor consistent with other evidence. ECF No. 16 at 8-9.

The ALJ found Dr. Arnold's report not persuasive "since there was really nothing on the pre-printed evaluation form that would support it." Tr. 110; *see Crane*, 76 F.3d at 253. The ALJ also suggested the opinion was not consistent with Plaintiff's report that she had been looking for employment and her acknowledgment that her mental symptomatology was under control and stable with medication management. Tr. 110-111.

The Court finds the ALJ properly assessed the persuasiveness and consistency of Dr. Arnold's opinions and the ALJ's conclusion that the report was not persuasive is supported by substantial evidence.

### 4. Other Medical Professionals

State agency psychological consultants, Jon Anderson, Ph.D., and Shawn Horn, Psy.D., opined Plaintiff's concentration, persistence and pace may be diminished at times when symptomatic; however, she retained the ability to maintain attention and concentration sufficient to complete routine tasks and well-learned, moderately complex tasks over a normal eight-hour workday with customary breaks. Tr. 183, 198. They additionally opined Plaintiff could have superficial contact with the general public and moderate contact with co-workers and supervisors, she would need a predictable working environment and extra time to adjust to new procedures, tasks should remain simple, and she could adjust to modest change and work towards goals set by others, Tr. 183, 198-199. *See* Tr. 109.

///

1  The ALJ found these opinions persuasive, finding they were supported by
2  Plaintiff's record and consistent with Plaintiff's acknowledgement that her
3  diagnoses were under control and stable as long as she maintained compliance with
4  her medication regiment. Tr. 109.

5  On May 4, 2016, Dr. Eisenhauer reviewed the record and pointed out that
6  despite Plaintiff's diagnoses of bipolar and anxiety, she was independent in all her
7  activities of daily living, receiving no assistance in any aspect, and spent much of
8  her time looking for work, suggesting she could perform the simple and more
9  complex tasks involved in applying for jobs and organization. Tr. 449-450. Dr.
10 Eisenhauer opined Plaintiff would be able to engage in simple work tasks,
11 commensurate with her education, but would have difficulty with more detailed
12 tasks. Tr. 450.

13 The ALJ found that, although early in the adjudication period and although it
14 is merely a record reviewing assessment, Dr. Eisenhauer's report presented an
15 accurate assessment that continued to be representative of Plaintiff's capacity. Tr.
16 110. The ALJ thus deemed the report persuasive. Tr. 110.

17 Dr. Toews, the medical expert, testified Plaintiff had depressive and anxiety
18 disorders, but that Plaintiff's substance abuse disorder involving cannabis was
19 material to her claim. Tr. 141-143. He opined that without consideration of her
20 substance abuse, Plaintiff was only mildly limited for understanding, remembering,
21 or applying information; interacting with others; concentrating, persisting, or
22 maintaining pace; or adapting or managing herself. Tr. 142-143.

23 The ALJ noted Dr. Toews' assessment but found that Plaintiff's psychiatric
24 diagnoses, while under control with medications, presented some moderate
25 limitations in her ability to perform certain basic mental related activities. Tr. 109.

26 Plaintiff has not challenged the ALJ's consideration of the opinions of Drs.
27 Anderson, Horn, Eisenhauer or Toews. *See Carmickle v. Comm'r, Soc. Sec.*
28 *Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (the Court will not ordinarily consider

matters on appeal that were not specifically and distinctly argued in a party's opening brief). The Court finds the ALJ properly assessed the persuasiveness and consistency of the opinions of Drs. Anderson, Horn, Eisenhauer, and Toews, and provided legally sufficient reasons for crediting their opinions.

Based on the foregoing, the ALJ's evaluation of the medical opinion evidence as a whole is supported by substantial evidence. The Court finds the ALJ did not err in her assessment of the medical opinion evidence of record, and the ALJ's RFC determination is supported by substantial evidence and free of legal error.

### 2. Step Five

Plaintiff argues the vocational expert's testimony in response to the ALJ's hypothetical cannot serve as a basis to support a step five determination that there are jobs which Plaintiff can perform, as the hypothetical question was incomplete. ECF No. 15 at 16. Plaintiff asserts the ALJ erred by failing to include in the hypothetical factors regarding Plaintiff's capacity to stay on task and need to avoid fast paced or production quota work. *Id*.

Defendant responds that the ALJ did not err in formulating her RFC assessment; consequently, she also did not err in posing the hypothetical question to the vocational expert that included this RFC assessment. ECF No. 16 at 10.

As concluded above, the ALJ did not err with respect to her analysis of the medical opinion evidence of record. The ALJ's RFC determination is thus supported by substantial evidence. The ALJ's RFC determination held that Plaintiff could perform a full range of work at all exertional levels with certain non-exertional limitations. *See* Tr. 106.

At the administrative hearing held on April 25, 2019, the vocational expert testified that with the RFC assessed by the ALJ, Plaintiff retained the capacity to perform a significant number of jobs existing in the national economy, including

///

the positions of cleaner, housekeeping; fish cleaner; and marker, price.[4]  Tr. 112, 168-170.  Since the vocational expert's testimony was based on a properly supported RFC determination by the ALJ, the Court finds the ALJ did not err at step five of the sequential evaluation process in this case.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error.  Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 29, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

---

[4]Although the ALJ specifically held that an inability to perform production pace work and absenteeism issues were not found supported by the evidence, Tr. 112, the vocational expert specifically stated on cross-examination that the foregoing jobs were not considered production or fast-paced work, Tr. 170.